UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 11-137-KSF

SHANNON BRENT CENTERS                                                              PLAINTIFF

v.                                   **OPINION & ORDER**

HITACHI AUTOMOTIVE SYSTEMS
AMERICAS, INC and JEFF SCHREFFLER                                          DEFENDANTS

* * * * * * * * * *

Currently before the Court is the motion of the Defendants, Hitachi Automotive Systems Americas, Inc. ("Hitachi") and Jeff Schreffler ("Schreffler"), for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This matter is fully briefed and is ripe for review.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff, Shannon Brent Centers, became employed at Hitachi in 1997. In 2006 or 2007, Centers was promoted to Team Leader. During the course of his employment, he made several close friends and confided in them about his sleep disorder which caused him to act out his dreams during his sleep. On March 24, 2010, Centers told Schreffler, the Production Supervisor, that he needed to miss work that afternoon to attend an appointment with a new physician. According to Centers, he requested to use Family Medical Leave Act time, and disclosed this information because he thought he was required to. Later on March 24, 2010, while Centers was at his appointment, Schreffler told another employee, Matt Shepard, that Centers was gone for the afternoon to "see his crazy doctor" and that Centers would have to miss a meeting.

On March 25, 2010, Schreffler held a start-up meeting with Centers and other operators to discuss production. Schreffler informed them that production was low the previous day. At some point during the meeting Schreffler noted that Centers had to miss work the previous day to go to the "crazy doctor." According to the parties, everyone in attendance at the meeting knew about Centers' sleep disorder with the possible exception of two employees. Centers contends that the disclosure of his personal medical information caused him great emotional distress and that he left the building in tears and took a half-day vacation. Centers further contends that he has suffered severe emotional distress and anxiety since the disclosure. He does not allege that anyone at Hitachi has said anything else about his sleep disorder, or any medical condition, since this incident.

On March 24, 2011, Centers filed his Complaint in Madison Circuit Court against Hitachi and Schreffler [DE #1]. Centers' Complaint asserts five causes of action against the Defendants for allegedly revealing confidential information about him: (1) that the Defendants published private facts about Centers; (2) that the Defendants committed the tort of intentional infliction of emotional distress ("IIED"); (3) that the Defendants placed Centers in a false light; (4) that the Defendants committed negligence; and (5) that the Defendants violated the confidentiality provisions of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112.

The Defendants timely removed the action to this Court pursuant to 28 U.S.C. § 1441, based on federal question and supplemental jurisdiction under 28 U.S.C. §§ 1331 and 1367. This matter has proceeded through discovery, and the Defendants have filed their motion for summary judgment, arguing that the undisputed facts reveal that Centers' alleged causes of action have failed to raise any genuine issue of material fact and that Centers has failed to offer any evidence on which a jury could reasonably find in his favor.

**II.     SUMMARY JUDGMENT STANDARD**

Rule 56(a) entitles a moving party to summary judgment if that party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Rule 56(c)(1) further instructs that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion" by citing to the record or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The "moving party bears the burden of showing the absence of any genuine issues of material fact." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008). The moving party may meet this burden by demonstrating the absence of evidence concerning an essential element of the nonmovant's claim on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has satisfied its burden, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, it must produce specific facts showing that a genuine issue remains. *Plant v. Morton Int'l., Inc.*, 212 F.3d 929, 934 (6th Cir. 2000). If, after reviewing the record in its entirety, a rational fact finder could not find for the nonmoving party, summary judgment should be granted. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 349 (6th Cir. 1998).

Moreover, the trial court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). Rather, "the nonmoving party has an affirmative duty to direct the court's attention

to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001).

**III.   ANALYSIS**

The Court's subject matter jurisdiction over this matter is based on Centers' claim that the Defendants violated the ADA by revealing confidential medical information about him. The Defendants argue that they are entitled to summary judgment on this claim because, *inter alia*, Centers voluntarily disclosed his medical condition to the Defendants. The Defendants argue that the nondisclosure provisions of the ADA do not apply to voluntary disclosures of medical information.

The ADA provides that an employer "may make inquiries into the ability of an employee to perform job-related functions." 42 U.S.C. § 12112(d)(4)(B). However, all information obtained under that provision is subject to the following restrictions:

> [I]nformation obtained regarding the medical condition or history of the applicant is collected and maintained on separate forms and in separate medical files and is treated as confidential medical record. . . .

42 U.S.C. § 12112(d)(3)(B). *See also* 29 C.F.R. §§ 1630.13, 1630.14. Thus, in order to demonstrate an unlawful disclosure of medical information under the ADA, Centers must show that the Defendants obtained knowledge of his medical condition pursuant to an inquiry concerning Centers' ability to perform his job and that the information was not protected by the Defendants as required by § 12112(d)(3)(B).

In this case, it is not clear whether Centers was required to disclose any medical information to his supervisor in order to obtain leave under the Family Medical Leave Act. In his deposition, Centers testifies that he revealed the fact that he had a doctor's appointment to his supervisor,

4

Schreffler, because, if he did not, "[he]'d have lost [his] job" [DE #28-1, p. 114]. He argues that this was the standard operating procedure of the company, and he simply provided the information to comply. The Defendants do not clarify whether or not such a policy exists. However, even if Centers were required by a company policy to inform his supervisor of a medical appointment, there still is no evidence of an "inquiry" sufficient to invoke the ADA. Centers does not allege that Schreffler or Hitachi made any effort to inquire into his fitness to perform his job. He does not allege that he was required to provide details about his condition or treatment. The fact that an employee has an appointment with a physician alone does not trigger the nondisclosure provisions of § 12112(d). As the court in *Ross v. Advance America*, 605 F.Supp.2d 1025 (E.D. Ark. 2009), explained:

> If an employee requests time off and discloses to the employer a medical condition that necessitates the time off, there is nothing in the ADA that requires, or could reasonably be read to require, that the employer keep that information secret from other employees. It is an ordinary, everyday occurrence in the workplace for an employee to request time off due to a medical condition, and for the employer's supervisor to disclose to other employees the reason for that employee's absence.

*Id*. at 1033.

Accordingly, because no reasonable fact finder could conclude that Centers disclosed his medical information in response to an "inquiry into [his] ability to perform job-related functions," Schreffler's failure to keep the information confidential did not violate Centers' rights under the ADA. The Defendants are entitled to summary judgment on Centers' ADA claims.

The remainder of Centers' claims are based on state law. The Court must now decide whether to exercise its discretion under 28 U.S.C. § 1367(c) to retain its supplemental jurisdiction over the remaining state law claims or remand the case to state court. "In determining whether to

exercise supplemental jurisdiction, federal courts balance the values of judicial economy, convenience to the parties, fairness and comity to state courts." *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F.App'x 580, 584 (6th Cir. 2011). *See also Gamel v. City of Cincinnati*, 625 F.3d 949, 951-52 (6th Cir. 2010). A court should retain jurisdiction over residual state law claims "only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues. *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007)(quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2008); *accord United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)("if federal claims are dismissed before trial, . . . the state claims should be dismissed as well").

The Court has considered the relevant factors and determines that this matter should be remanded to state court. Under these circumstances and in the interest of comity to state courts, the Court declines to exercise supplemental jurisdiction over Centers' state law claims. Consequently, the Court will remand the remaining state law claims to Madison Circuit Court.

### III. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) the Defendants' motion for summary judgment [DE # 23] is **GRANTED** to the extent that judgment is granted in favor of the Defendants on Centers' claim based on the Americans with Disabilities Act, 42 U.S.C.§ 12112;

(2) Centers' state law claims are **REMANDED** to Madison Circuit Court;

(3) the pretrial conference and trial scheduled for April 19, 2012 and May 15, 2012, respectively, are **SET ASIDE**;

(4) judgment in favor of the Defendants will be entered contemporaneously with this Opinion & Order; and

(5) this matter is **STRICKEN** from the active docket.

This February 24, 2012.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**